

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-1995

# In Re: Leon Moser

Precedential or Non-Precedential:

Docket 95-9005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"In Re: Leon Moser" (1995). *1995 Decisions.* Paper 226.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 95-9005

——————

In Re:  Leon Moser

——————

Submitted Under Third Circuit LAR 34.1(a)
August 15, 1995
Before:  MANSMANN, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(E.D.PA Civil 95-cv-05175)

——————

(Filed: August 16, l995)

OPINION OF THE COURT

——————

<u>Per</u> <u>Curiam</u>.

We have before us an appeal purporting to challenge the August 16, 1995 order of the district court "granting `next friend' status and a competency hearing and finding no deliberate delay."  Respondents' Memorandum of Appeal.  The State does not offer a basis for the exercise of our appellate jurisdiction to hear this interlocutory matter nor does it ask us to exercise our mandamus authority under the All Writs Act, 28 U.S.C. § 1651(a).

Unlike the appeal from the grant of a stay of execution on which we had alternate grounds of jurisdiction, specifically 28 U.S.C. § 1292(a)(1) and mandamus jurisdiction under the All Writs Act given the extraordinary circumstances of the grant of a

stay, we find that we do not have jurisdiction in the absence of a certification by the district court pursuant to 28 U.S.C. §1292(b). It is hereby ordered that the appeal is dismissed for lack of jurisdiction.